FILED
SEP 27 2016
Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JACOB BANSCHBACH, <br><br> Plaintiff, <br><br> vs. <br><br> DR. KOHUT, <br><br> Defendant. | CV 15–107–H–DLC–JTJ <br><br> ORDER |

United States Magistrate Judge John Johnston entered his Findings and Recommendations in this matter on August 18, 2016, recommending that Defendant's motion for summary judgment be granted in part and denied in part. Plaintiff Jacob Banschbach ("Banschbach") filed objections and is therefore entitled to de novo review of those Findings and Recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 149 (1985). "Clear error exists if the Court is left with a definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). The parties are familiar

-1-

with the facts of this case and they will not be repeated here.

In his objections, Banschbach clarifies that he does not actually object to Judge Johnston's Findings and Recommendations. As such, the Court will review the Findings and Recommendations for clear error. *McDonnell Douglas Corp.*, 656 F.2d at 1313. Upon review, the Court finds no clear error in Judge Johnston's recommendation that Defendant Dr. Kohut's motion for summary judgment should be partially granted as to the claim of sexual assault because Banschbach failed to exhaust his administrative remedies. Banschbach filed his Complaint before the formal grievance process was completed and thus failed to exhaust the grievance process before bringing this claim.

Further, the Court finds no clear error in the recommendation to allow Banschbach to pursue his denial of medical care claim. Banschbach lodged an appropriate grievance for this claim and properly exhausted his administrative remedies. This claim will be allowed to move forward.

Lastly, the Court finds no clear error in the recommendation to deny Banschbach's motion for a temporary restraining order. Banschbach's motion fails to meet the high standard warranting the issuance of a temporary restraining order and likewise fails to satisfy the factors outlined in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008). In particular,

Banschbach's motion fails to show that his claim is likely to succeed on the merits. As discussed in the Findings and Recommendations, the grievances submitted by Banschbach appear to merely show a disagreement concerning which medications were appropriate to treat his medical condition, not that Dr. Kohut was deliberately indifferent to an excessive risk to Banschbach's health. As such, the Court will adopt the recommendation to deny the motion for a temporary restraining order.

Accordingly, the Court reviews the remainder of Judge Johnston's Findings and Recommendations for clear error and, finding none,

IT IS ORDERED that:

(1) Judge Johnston's Findings and Recommendations (Doc. 24) are ADOPTED IN FULL.

(2) Defendant's Motion for Summary Judgment (Doc. 8) is GRANTED IN PART and DENIED IN PART. Banschbach's claim that Dr. Kohut sexually assaulted him is DISMISSED. Banschbach's denial of medical care claim is allowed to proceed.

(3) Banschbach's Motion for Temporary Restraining Order (Doc. 19) is DENIED.

DATED this 27th day of September, 2016.

                                      */s/ Dana L. Christensen*
                                    Dana L. Christensen, Chief Judge
                                    United States District Court