IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JACOB BANSCHBACH,<br><br>Plaintiff,<br><br>vs.<br><br>DOCTOR KOHUT AT MONTANA STATE PRISON,<br><br>Defendant. | CV-15-00107-H-DLC-JTJ<br><br>ORDER |

Pending is Plaintiff Jacob Banschbach's Motion for Discovery (Doc. 30) which will be denied for failure to comply with the following Local Rules. First, Mr. Banschbach filed the motion prior to the issuance of a scheduling order. Local Rule 26.1 provides that "in actions brought without counsel, no party may begin discovery until a Scheduling Order has been issued." L.R. 26.1(d). Second, Local Rule 26.2(a) prohibits the filing of discovery requests. Finally, Local Rule 7.1(c)(1) requires that, "the text of the motion must state that other parties have been contacted and state whether any party objects to the motion." There is no indication in the motion that Mr. Banschbach has complied with Local Rule 7.1.

Mr. Banschbach was advised of each of these rules in the Court's February 24, 2016 Order (Doc. 15) and yet he chose to ignore them yet again. Mr.

1

Banschbach's status as a pro se litigant does not excuse his failure to comply with the Court's Local Rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000) (disabusing a pro se defendant of the notion that he was excused from complying with the procedural rules because they were "not something a pro se defendant can be expected to know"). As the Ninth Circuit has repeatedly held, pro se litigants are required to follow the same rules as parties who are represented by counsel. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (holding that pro se litigants are bound by the same rules and procedures as other litigants). In addition, the Ninth Circuit has "repeatedly upheld the sanction of dismissal for failure to comply with pretrial procedures mandated by local rules and court orders." *Thompson v. Housing Auth. of L.A.*, 782 F.2d 829, 830 (9th Cir. 1986); Fed. R. Civ. P. 41(b) (noting that failure to comply with the rules or a court order may be grounds for dismissal).

Further, Local Rule 83.8 provides that, "[a] self-represented person is bound by the federal rules and all applicable local rules. Sanctions, including but not limited to entry of default judgment or dismissal with prejudice, may be imposed

for failure to comply with local rules." Mr. Banschbach's blatant refusal to follow the Court's local rules will not be tolerated.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Mr. Banschbach's Motion for Discovery (Doc. 30) is **DENIED**.

2. At all times during the pendency of this action, Mr. Fletcher must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

DATED this 5th day of October 2016.

                                      /s/ John Johnston
                                      John Johnston
                                      United States Magistrate Judge