IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JACOB BANSCHBACH,<br><br>Plaintiff,<br><br>vs.<br><br>DOCTOR KOHUT AT MONTANA STATE PRISON,<br><br>Defendant. | CV-15-00107-H-DLC-JTJ<br><br>ORDER |

Plaintiff Jacob Banschbach, a state prisoner proceeding in forma pauperis, filed a Motion to Compel (Doc. 50) and a Motion for Extension of Time to Complete Discovery (Doc. 51). The Court previously denied these motions because Mr. Banschbach failed to comply with the rules of this Court. (Doc. 47.) Although he refiled the motions indicating he complied with Local Rule 7.1, Defendant filed a response indicating that Mr. Banschbach simply wrote a letter advising them that he was filing the motions. Mr. Banschbach failed to fully comply with the Court's rules and as such, his motions will be denied.

The parties were advised in the Court's October 5, 2016 Scheduling Order (Doc. 35) that the Court would not consider motions to compel or other discovery disputes unless the moving party complies with Fed. R. Civ. P. 37(a)(1) ("The

1

motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."); D. Mont. L.R. 7.1(c)(1) ("The text of the motion must state that other parties have been contacted and state whether any party objects to the motion."); and D. Mont. L.R. 26.3(c) ("The Court will deny any discovery motion unless the parties have conferred concerning all disputed issues before the motion is filed."). (Doc. 35 at 7.)

Mr. Banschbach wrote a letter to counsel for Defendant advising them that he was filing his motions but that letter is insufficient to satisfy the requirements of Fed.R.Civ.P. 37(a)(1) or L.R. 26.3(c). Local Rule 26.3 provides:

> (1) The court will deny any discovery motion unless the parties have conferred concerning all disputed issues before the motion is filed. The mere sending of a written, electronic, or voicemail communication does not satisfy this requirement. Rather, this requirement can be satisfied only through direct dialogue and discussion in a face to face meeting (whether in person or by electronic means), in a telephone conversation, or in detailed, comprehensive correspondence.
> (2) All motions to compel or limit discovery must:
>     (A) set forth the basis for the motion;
>     (B) certify that the parties complied with subsection (c)(1) or a description of the moving party's attempts to comply; and
>     (C) attach, as an exhibit: (I) the full text of the discovery sought; and (ii) the full text of the response.

L.R. 26.3(c). Mr. Banschbach was provided a copy of this rule with the Court's

2

Scheduling Order. He made no attempt to actually confer with opposing counsel regarding whatever discovery issues he may have. In addition, the Court cannot determine the nature of Mr. Banschbach's complaints because he only complains that Defendant's discovery responses were "vague, misleading, and evasive responses to them and in some refused to produce information and tangible items." (Doc. 50 at 1-2.) He did not set forth a clear basis for his motion and he did not attach as an exhibit the text of the discovery sought and the text of the responses. The Court cannot make a determination on the adequacy of Defendant's discovery responses without this information.

The Court will not extend the discovery deadline of May 2, 2017, as Mr. Banschbach has not set forth sufficient reasons for doing so. To the extent he wishes to file another motion to compel he has until May 26, 2017, to do so.

Accordingly, IT IS HEREBY ORDERED THAT Mr. Banschbach's Motion to Compel (Doc. 50) and Motion for Extension of Time to Complete Discovery (Doc. 51) are DENIED.

DATED this 1st day of May 2017.

/s/ John Johnston
John Johnston
United States Magistrate Judge