IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JACOB BANSCHBACH, | CV-15-00107-H-DLC-JTJ |
| Plaintiff, | |
| vs. | ORDER |
| DOCTOR KOHUT AT MONTANA STATE PRISON, | |
| Defendant. | |

Plaintiff Jacob Banschbach, an inmate proceeding in forma pauperis and without counsel, filed a Complaint pursuant to 42 U.S.C. § 1983 alleging Dr. Kohut sexually assaulted him and denied him medical care. (Doc. 1.) Dr. Kohut filed a motion for summary judgment on the grounds that Mr. Banschbach failed to exhaust his administrative remedies. (Doc. 8.) The motion was granted on the sexual assault claim but denied on the medical care claim. (Doc. 31.)

After discovery, Defendant Kohut filed a second motion for summary judgment on the merits of the medical care claim arguing that he was not deliberately indifferent to Mr. Banschbach's serious medical needs. (Doc. 56.) Mr. Banschbach responded by referring the Court to his response to Defendant's first motion for summary judgment. Mr. Banschbach did not file a statement of

1

disputed facts as required by Local Rule 56.1(b).  His response is insufficient and in violation of the Court's Local Rules but the Ninth Circuit has made clear that a district court may not grant "summary judgment simply because a party fails to file an opposition or violates a local rule," and the court must "analyze the record to determine whether any disputed material fact [is] present."  *Ahanchian v. Xenon Pictures, Incl*, 624 F.3d 1253, 1258 (9th Cir. 2010); *see also Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003)(explaining that "a nonmoving party's failure to comply with local rules does not excuse the moving party's affirmative duty under Rule 56 to demonstrate its entitlement to judgment as a matter of law").

In order for the Court to analyze whether there is a disputed material fact, Defendant must comply with the Court's Local Rules and the Federal Rules of Civil Procedure.  The motion for summary judgment will be denied without prejudice and subject to renewal.

Exhibit A to Defendant's Statement of Undisputed Facts (Docs. 56-3, 56-4, 56-5) consists of more than 1600 pages of records (primarily medical records).  However, the only reference to Exhibit A in any of Dr. Kohut's filings is a statement of undisputed fact citing to a disciplinary hearing decision finding Mr. Banschbach guilty for smoking marijuana while attending treatment.  (Defendant's Statement of Undisputed Facts, Doc. 56-1 at 6, ¶ 40.)  There is no other reference

to Exhibit A. Dr. Kohut filed a 19-page affidavit detailing Mr. Banschbach's medical history including his treatment of Mr. Banschbach and the treatment Mr. Banschbach received from other providers without reference to a single medical record.

Rule 56(e) of the Federal Rules of Civil Procedure requires that affidavits must be made upon personal knowledge. There is no indication that Dr. Kohut had personal knowledge of the treatment provided to Mr. Banschbach by other providers. Dr. Kohut can testify to that treatment based upon his review of the medical records but he must make citation to the appropriate record as foundation for each statement. The Court will not conduct an independent review of the 1600 pages of Mr. Banschbach's medical records to determine the issues in this case. *See Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001)("The district court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found."). This is particularly true when proceeding against an unrepresented litigant who does not have the resources to scour the complicated medical records at issue to determine if they have been adequately presented to the Court.

Rule 56(c)(3) provides that the court need consider only cited materials.

The only cited material in Defendant's statement of undisputed facts is Dr. Kohut's affidavit which was at least in part not made on personal knowledge. Dr. Kohut's affidavit failed to cite to specific portions of Mr. Banschbach's medical records as required by Fed.R.Civ.P. 56(c)(1)(A).

Secondly, based on a cursory review of the 1600 pages of records included in Exhibit A it appears that Defendant filed many records not relevant to the issue at bar. Local Rule 7.2(b) provides that "[o]nly exhibits that are directly germane to the matter under consideration by the court may be filed." Most egregious is Defendant's filing of Mr. Banschbach's mental health records without any explanation as to why those records may be at issue. There is no mention of Mr. Banschbach's mental health conditions in Defendant's filings. Without further explanation, the Court fails to see how these documents and the vast majority of the documents submitted are germane to the matter under consideration. Further, as set forth in Defendant's brief "Plaintiff's allegations concern treatment of his hernia-related pain from October 8, 2011 through June 24, 2013, and from April 6, 2016, through the present." (Defendant's Brief, Doc. 56 at 11.)[1] While medical records from other periods of time may have some relevancy to the issues at hand,

---

[1] According to Dr. Kohut's affidavit, Dr. Rees assumed the care of Plaintiff on May 4, 2017 and the last action taken by Dr. Kohut was to renew his prescription for tramadol for six months on December 27, 2016. (Kohut Aff., Doc. 56-2 at 18, ¶ 72-73.)

4

that has not been explained by Defendant.

Finally, Mr. Banschbach argued in response to the motion for summary judgment that, "[d]ue to my current circumstances (medical) which have made it overwhelmingly difficult to conduct myself . . . I . . . am responding to the Defendants' second motion for summary judgment by stating that I am still standing by my first (arguement) response to the defendants first motion for summary judgment." (Doc. 63 at 1.) Defendant filed a reply arguing that summary judgment was appropriate and presenting new evidence in support of his claim that Mr. Banschbach "has been receiving–and continues to receive–good medical treatment, including pain management, at MSP." (Reply, Doc. 64 at 9 citing Affidavit of Dr. Paul Rees.) It is improper to present new evidence in a reply. *Provenz v. Miller,* 102 F.3d 1479, 1483 (9th Cir. 1996)(new evidence in reply may not be considered without giving the non-movant an opportunity to respond). Mr. Banschbach has not had an opportunity to respond to the new evidence and sur-replies are prohibited by Local Rule without prior leave of court. The submission of new evidence and facts also circumvents the requirement that a party file a statement of undisputed facts setting forth each fact on which the party relies to support the motion. L.R. 56.1.

As such, the evidence attached to the Reply will be stricken. Defendant

may however, resubmit this evidence with the re-filing of the motion for summary judgment.

Mr. Banschbach is advised that although the motion for summary judgment will be denied without prejudice, Defendant may refile the motion. If so, Mr. Banschbach must file a response to the new motion in compliance with Local Rule 56.1(b) which provides:

> **(b)** Any party opposing a motion for summary judgment must file a Statement of Disputed Facts simultaneously with and separately from the response brief. Similar to the example provided in Appendix Form A, the Statement must:
> (1) set forth verbatim the moving party's Statement, adding only:
>   (A) whether each fact in the moving party's Statement is "undisputed" or "disputed"; and,
>   (B) if "disputed," pinpoint cite to a specific pleading, deposition, answer to interrogatory, admission or affidavit before the court to oppose each fact; and
> (2) set forth in serial form:
>   (A) each additional fact on which the party relies to oppose the motion;
>   (B) pinpoint cite a specific pleading, deposition, answer to interrogatory, admission or affidavit before the court to support each additional fact.

Therefore, Mr. Banschbach must file a statement of disputed facts, he must specifically indicate whether he disputes or does not dispute each of Defendant's statements of undisputed fact and he must indicate on what, if any, additional facts he relies to oppose the motion. The Court is requiring Defendant to specifically

6

identify which medical records he relies upon in seeking summary judgment. In return, Mr. Banschbach must indicate why summary judgment should not be granted based upon those medical records.

Defendant's first motion for summary judgment argued that Mr. Banschbach failed to exhaust his administrative remedies, it did not address the merits of Mr. Banschbach's medical care claim. As such, Mr. Banschbach's response to Defendant's first motion for summary judgment is an insufficient response to Defendant's second motion for summary judgment on the merits of his claim. Mr. Banschbach must file an independent response to Defendant's new motion for summary judgment without reference to his prior response brief.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. The Clerk of Court is directed to seal Document Nos. 56-3, 56-4, and 56-5 as they contain medical records which are not germane to the issues raised in Defendant's Motion for Summary Judgment in violation of Local Rule 7.2(b).

2. The attachments to Defendant's Reply Brief (Docs. 64-1 and 64-2) are STRICKEN.

3. Defendant's Motion for Summary Judgment (Doc. 56) is DENIED WITHOUT PREJUDICE AND SUBJECT TO RENEWAL. Defendant shall have

until March 2, 2018 to refile a motion for summary judgment. Any brief, statement of undisputed facts, and/or affidavit filed in support of the motion for summary judgment must contain citations to specific portions of Mr. Banschbach's medical records. Any medical records filed in support of the motion must be "directly germane to the matter under consideration by the court" in compliance with Local Rule 7.2(b).

4. Mr. Banschbach shall have 21 days after the re-filing of Defendant's motion to file a response brief. In addition to his response brief, Mr. Banschbach must file a statement of disputed facts in compliance with Local Rule 56.1(b) and it must be similar to the example provided in the Local Rule Appendix Form A.

5. The Clerk of Court is directed to provide a copy of Local Rule Appendix Form A to Mr. Banschbach.

DATED this 5th day of February, 2018.

*/s/ John Johnston*
John Johnston
United States Magistrate Judge