IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION



FILED

APR 09 2019

Clerk, U.S. Courts
District Of Montana
Missoula Division

| | |
|---|---|
| JACOB BANSCHBACH, | CV 15–107–H–DLC–JTJ |
| Plaintiff, | |
| vs. | ORDER |
| DOCTOR KOHUT AT MONTANA STATE PRISON, | |
| Defendant. | |

United States Magistrate Judge John T. Johnston entered his Findings and
Recommendations in this case on January 18, 2019, recommending that
Defendant's Motion for Summary Judgment should be granted. (Doc. 87 at 22.)
Plaintiff Jacob Banschbach timely filed an objection and is therefore entitled to de
novo review of those findings and recommendations to which he has specifically
objected. 28 U.S.C. § 636(b)(1)(C). Absent objection, this Court reviews findings
and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d
1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).
Clear error exists if the Court is left with a "definite and firm conviction that a
mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir.
2000) (citations omitted). "A party makes a proper objection by identifying the

-1-

parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at \*2 (D. Mont. Oct. 18, 2010) (citation omitted).

Banschbach sued Defendant Dr. Kohut under 42 U.S.C. § 1983 for violation of his Eighth Amendment rights based upon alleged inadequate medical care.[1] (Doc. 87 at 12–13.) In order to prevail on this claim, Banschbach must show both that his medical needs were objectively serious, and that Dr. Kohut possessed a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 299 (1991); *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992). The requisite state of mind Banschbach must show is deliberate indifference. *Hudson v. McMillan*, 503 U.S. 1, 5 (1992). Assuming that Banschbach's medical needs were objectively serious, Judge Johnston determined that, at most, Banschbach could show only a "disagreement between himself and Dr. Kohut regarding what medications were necessary to treat his medical issues." (Doc. 87 at 17.) However, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to

---

[1] Although Banschbach alleged other claims against Dr. Kohut, those claims have either been dismissed or recommended for summary judgment without specific objection. Consequently, the Court focuses only on the subject of Banschbach's objection.

deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012), *overruled on other grounds, Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014). A difference of opinion may rise to the level of deliberate indifference only if the prisoner shows that the defendant's chosen course of treatment was medically unacceptable and in conscious disregard of an excessive risk to plaintiff's health. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). Banschbach did not make this showing and, consequently, Judge Johnston determined that summary judgment was appropriate on Banschbach's Eighth Amendment claim.

In his objection, Banschbach claims that a "genuine issues exists as to Kohut's ability to be trustworthy in his assertions" to the Court. (Doc. 88 at 2.) Banschbach relies on the fact that the Department of Corrections terminated Dr. Kohut to support his assertion that the Court cannot trust any representation made by Dr. Kohut. (*Id.*) However, Judge Johnston determined that "information regarding Dr. Kohut's termination" did not change his analysis. (Doc. 87 at 20.) This is because Judge Johnston's analysis turned on the fact that several other doctors at the prison had treated Banschbach during the time frame in question and had similarly determined not to prescribe him the painkiller he sought but to prescribe him alternative medications. (Doc. 87 at 16–17.) Banschbach cannot

establish an essential component of his claim—deliberate indifference—without a showing that Dr. Kohut's decision not to prescribe him the painkiller he requested was "medically unacceptable under the circumstances" and chosen "in conscious disregard of an excessive risk to plaintiff's health." *Jackson*, 90 F.3d at 332. Banschbach's objection fails to address this fatal deficiency in his case and is overruled. Accordingly,

IT IS ORDERED that Judge Johnston's Order and Findings and Recommendations (Doc. 87) are ADOPTED IN FULL and Defendant's Motion for Summary Judgment (Doc. 67) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court is directed to close the case and enter judgment in favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the Clerk of Court is directed to have the docket reflect that the Court certifies, pursuant to Federal Rule of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith and that no reasonable person could suppose an appeal would have merit.

DATED this 9th day of April, 2019.

Dana L. Christensen, Chief District Judge
United States District Court